1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11   ISAIAS HERNANDEZ, individually and        Case No. CV 10-1056 GHK (FFMx)
     no behalf of members of the general public
12   similarly situated, and as aggrieved
     employees pursuant to the Private Attorney   **[PROPOSED]** ORDER
13   General Act ("PAGA"),                       **APPROVING STIPULATED**
                                                  **PROTECTIVE ORDER**
14                 Plaintiff,

15         v.                                     Magistrate Judge: Frederick F. Mumm
                                                  Courtroom:   E
16   CBC RESTAURANT CORP., a Delaware
     corporation, and DOES 1 through 10,          **NOTE CHANGES MADE BY THE COURT**
17   inclusive,

18                 Defendants.

19

20

21         The parties to the above-captioned action having submitted their Stipulated

22   Protective Order ("Order") for approval by the Court, and the Court being fully

23   apprised of the premises, good cause appearing, the Order is hereby approved as

24   follows.

25   1.    PURPOSE AND LIMITATIONS

26         Disclosure and discovery activity in this action are likely to involve

27   production of confidential, proprietary, or private information for which special

28   protection from public disclosure and from use for any purpose other than

---

ORDER APPROVING STIPULATED                    1
PROTECTIVE ORDER
la-1095100

1   prosecuting this litigation would be warranted.  Accordingly, the parties have

2   stipulated to and petitioned the Court to enter the following Order.  The parties

3   acknowledge that this Order does not confer blanket protections on all disclosures

4   or responses to discovery and that the protection it affords extends only to the

5   limited information or items that are entitled under the applicable legal principles to

6   treatment as confidential.  The parties further acknowledge, as set forth in

7   Section 10, below, that this Order creates no entitlement to file confidential

8   information under seal; Civil Local Rule 79-5 sets forth the procedures that must be

9   followed and reflects the standards that will be applied when a party seeks

10  permission from the court to file material under seal.

11  2.    DEFINITIONS

12        2.1    Party:  any party to this action, including all of its officers, directors,

13  employees, consultants, retained experts, and outside counsel (and their support

14  staff).

15        2.2    Disclosure or Discovery Material:  all items or information, regardless

16  of the medium or manner generated, stored, or maintained (including, among other

17  things, testimony, transcripts, or tangible things) that are produced or generated in

18  disclosures or responses to discovery in this matter.

19        2.3    "Confidential" Information or Items:  information (regardless of how

20  generated, stored or maintained) or tangible things that qualify for protection under

21  standards developed under F.R.Civ.P. 26(c).

22        2.4    "Highly Confidential - Attorneys' Eyes Only" Information or Items:

23  extremely sensitive "Confidential Information or Items" whose disclosure to

24  another Party or nonparty would create a substantial risk of serious injury that could

25  not be avoided by less restrictive means.

26        2.5    Receiving Party:  a Party that receives Disclosure or Discovery

27  Material from a Producing Party.

28

1    2.6    Producing Party:  a Party or non-party that produces Disclosure or
2    Discovery Material in this action.

3    2.7    Designating Party:  a Party or non-party that designates information or
4    items that it produces in disclosures or in responses to discovery as "Confidential"
5    or "Highly Confidential - Attorneys' Eyes Only."

6    2.8    Protected Material:  any Disclosure or Discovery Material that is
7    designated as "Confidential" or as "Highly Confidential - Attorneys' Eyes Only."

8    2.9    Outside Counsel:  attorneys who are not employees of a Party but who
9    are retained to represent or advise a Party in this action.

10    2.10   House Counsel:  attorneys who are employees of a Party.

11    2.11   Counsel (without qualifier):  Outside Counsel and House Counsel (as
12    well as their support staffs).

13    2.12   Expert:  a person with specialized knowledge or experience in a matter
14    pertinent to the litigation who has been retained by a Party or its counsel to serve as
15    an expert witness or as a consultant in this action and who is not a past or a current
16    employee of a Party or of a competitor of a Party and who, at the time of retention,
17    is not anticipated to become an employee of a Party or a competitor of a Party.
18    This definition includes a professional jury or trial consultant retained in connection
19    with this litigation.

20    2.13   Professional Vendors:  persons or entities that provide litigation
21    support services (e.g., photocopying; videotaping; translating; preparing exhibits or
22    demonstrations; organizing, storing, retrieving data in any form or medium; etc.)
23    and their employees and subcontractors.

24    3.    SCOPE

25    The protections conferred by this Order cover not only Protected Material (as
26    defined above), but also any information copied or extracted therefrom, as well as
27    all copies, excerpts, summaries, or compilations thereof, ~~plus testimony,~~

28

1 ~~conversations, or presentations by parties or counsel to or in court or in other~~
2 ~~settings~~ that ~~might~~ reveal Protected Material. **(FFM)**

3 4.    DURATION

4        Even after the termination of this litigation, the confidentiality obligations
5 imposed by this Order shall remain in effect until a Designating Party agrees
6 otherwise in writing or a court order otherwise directs.

7 5.    DESIGNATING PROTECTED MATERIAL

8        5.1    <u>Exercise of Restraint and Care in Designating Material for Protection.</u>
9 Each Party or non-party that designates information or items for protection under
10 this Order must take care to limit any such designation to specific material that
11 qualifies under the appropriate standards.  A Designating Party must take care to
12 designate for protection only those parts of material, documents, items, or oral or
13 written communications that qualify, so that other portions of the material,
14 documents, items, or communications for which protection is not warranted are not
15 swept unjustifiably within the ambit of this Order.

16        Mass, indiscriminate, or routinized designations are prohibited.  Designations
17 that are shown to be clearly unjustified, or that have been made for an improper
18 purpose (e.g., to unnecessarily encumber or retard the case development process, or
19 to impose unnecessary expenses and burdens on other parties), expose the
20 Designating Party to sanctions.

21        If it comes to a Party's or a non-party's attention that information or items
22 that it designated for protection do not qualify for protection at all, or do not qualify
23 for the level of protection initially asserted, that Party or non-party must promptly
24 notify all other parties that it is withdrawing the mistaken designation.

25        5.2    <u>Manner and Timing of Designations.</u>  Except as otherwise provided in
26 this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise
27 stipulated or ordered, material that qualifies for protection under this Order must be
28 clearly so designated before the material is disclosed or produced.

1    Designation in conformity with this Order requires:

2           (a)    For information in document form (apart from transcripts of

3    depositions or other pretrial or trial proceedings), that the Producing Party affix the

4    legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS'

5    EYES ONLY" at the top of each page that contains protected material.  If only a

6    portion or portions of the material on a page qualifies for protection, the Producing

7    Party also must clearly identify the protected portion(s) (e.g., by making

8    appropriate markings in the margins) and must specify, for each portion, the level

9    of protection being asserted (either "CONFIDENTIAL" or "HIGHLY

10   CONFIDENTIAL - ATTORNEYS' EYES ONLY").

11          A Party or non-party that makes original documents or materials available for

12   inspection need not designate them for protection until after the inspecting Party

13   has indicated which material it would like copied and produced.  During the

14   inspection and before the designation, all of the material made available for

15   inspection shall be deemed "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES

16   ONLY."  After the inspecting Party has identified the documents it wants copied

17   and produced, the Producing Party must determine which documents, or portions

18   thereof, qualify for protection under this Order, and then, before producing the

19   specified documents, the Producing Party must affix the appropriate legend

20   ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES

21   ONLY") at the top of each page that contains Protected Material.  If only a portion

22   or portions of the material on a page qualifies for protection, the Producing Party

23   also must clearly identify the protected portion(s) (e.g., by making appropriate

24   markings in the margins) and must specify, for each portion, the level of protection

25   being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -

26   ATTORNEYS' EYES ONLY").

27          A party may designate as "CONFIDENTIAL" or "HIGHLY

28   CONFIDENTIAL - ATTORNEYS' EYES ONLY" documents or discovery

1    materials produced by a non-party by providing written notice to all parties of the

2    relevant document numbers or other identification within thirty (30) days after

3    receiving such documents or discovery materials.

4         (b)    For testimony given in deposition ~~or in other pretrial or trial~~

5    ~~proceedings,~~ **(FFM)** that the Party or non-party offering or sponsoring the

6    testimony identify on the record, before the close of the deposition, ~~hearing, or~~

7    ~~other proceeding,~~ **(FFM)** all protected testimony, and further specify any portions

8    of the testimony that qualify as "CONFIDENTIAL" or "HIGHLY

9    CONFIDENTIAL - ATTORNEYS' EYES ONLY." When it is impractical to

10   identify separately each portion of testimony that is entitled to protection, and when

11   it appears that substantial portions of the testimony may qualify for protection, the

12   Party or non-party that sponsors, offers, or gives the testimony may invoke on the

13   record (before the deposition or proceeding is concluded) a right to have up to 20

14   days to identify the specific portions of the testimony as to which protection is

15   sought and to specify the level of protection being asserted ("CONFIDENTIAL" or

16   "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY"). Only those

17   portions of the testimony that are appropriately designated for protection within the

18   20 days shall be covered by the provisions of this Order.

19        Transcript pages containing Protected Material must be separately bound by

20   the court reporter, who must affix to the top of each such page the legend

21   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES

22   ONLY," as instructed by the Party or nonparty offering or sponsoring the witness

23   or presenting the testimony. The Designating Party will be responsible for any

24   additional costs imposed by the court reporting agency to create separately bound

25   confidential excerpts of deposition transcripts.

26        (c)    For information produced in some form other than documentary,

27   and for any other tangible items, that the Producing Party affix in a prominent place

28   on the exterior of the container or containers in which the information or item is

1  stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -
2  ATTORNEYS' EYES ONLY." If only portions of the information or item warrant
3  protection, the Producing Party, to the extent practicable, shall identify the
4  protected portions, specifying whether they qualify as "Confidential" or as "Highly
5  Confidential - Attorneys' Eyes Only."

6       5.3   Inadvertent Failures to Designate. If timely corrected, an inadvertent
7  failure to designate qualified information or items as "Confidential" or "Highly
8  Confidential - Attorneys' Eyes Only" does not, standing alone, waive the
9  Designating Party's right to secure protection under this Order for such material. If
10  material is appropriately designated as "Confidential" or "Highly Confidential -
11  Attorneys' Eyes Only" after the material was initially produced, the Receiving
12  Party, on timely notification of the designation, must make reasonable efforts to
13  assure that the material is treated in accordance with the provisions of this Order.

14  6.    CHALLENGING CONFIDENTIALITY

15       6.1   Timing of Challenges. Unless a prompt challenge to a Designating
16  Party's confidentiality designation is necessary to avoid foreseeable substantial
17  unfairness, unnecessary economic burdens, or a later significant disruption or delay
18  of the litigation, a Party does not waive its right to challenge a confidentiality
19  designation by electing not to mount a challenge promptly after the original
20  designation is disclosed.

21       6.2   Meet and Confer. A Party that elects to initiate a challenge to a
22  Designating Party's confidentiality designation must do so in good faith and must
23  begin the process by conferring directly (in voice-to-voice dialogue; other forms of
24  communication are not sufficient) with counsel for the Designating Party. In
25  conferring, the challenging Party must explain the basis for its belief that the
26  confidentiality designation was not proper and must give the Designating Party an
27  opportunity to review the designated material, to reconsider the circumstances, and,
28  if no change in designation is offered, to explain the basis for the chosen

1    designation.  A challenging Party may proceed to the next stage of the challenge

2    process only if it has engaged in this meet and confer process first.

3        6.3    <u>Judicial Intervention</u>.  A Party that elects to press a challenge to a

4    confidentiality designation after considering the justification offered by the

5    Designating Party may file and serve a motion under Civil Local Rule ~~7~~ **37 (FFM)**

6    ~~(and in compliance with Civil Local Rule 79-5, if applicable)~~ **(including a Joint**

7    **Stipulation) (FFM)** that identifies the challenged material and sets forth in detail

8    the basis for the challenge.  Each such motion must be accompanied by a competent

9    declaration that affirms that the movant has complied with the meet and confer

10   requirements imposed in the preceding paragraph and that sets forth with specificity

11   the justification for the confidentiality designation that was given by the

12   Designating Party in the meet and confer dialogue.

13       The burden of persuasion in any such challenge proceeding shall be on the

14   Designating Party.  Until the Court rules on the challenge, all parties shall continue

15   to afford the material in question the level of protection to which it is entitled under

16   the Producing Party's designation.

17   7.    ACCESS TO AND USE OF PROTECTED MATERIAL

18       7.1    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is

19   disclosed or produced by another Party or by a non-party in connection with this

20   case only for prosecuting, defending, or attempting to settle this litigation.  Such

21   Protected Material may be disclosed only to the categories of persons and under the

22   conditions described in this Order.  When the litigation has been terminated, a

23   Receiving Party must comply with the provisions of section 11, below.

24       Protected Material must be stored and maintained by a Receiving Party at a

25   location and in a secure manner that ensures that access is limited to the persons

26   authorized under this Order.

27       7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless

28   otherwise ordered by the court or permitted in writing by the Designating Party, a

1   Receiving Party may disclose any information or item designated

2   CONFIDENTIAL only to:

3           (a)     the Receiving Party's Outside Counsel of record in this action,

4   as well as employees of said Counsel to whom it is reasonably necessary to disclose

5   the information for this litigation;

6           (b)     the officers, directors, and employees (including House

7   Counsel) and former employees of the Designating or Receiving Party to whom

8   disclosure is reasonably necessary for this litigation and who have signed the

9   "Agreement to Be Bound by Protective Order" (Exhibit A);

10          (c)     experts (as defined in this Order) of the Receiving Party to

11  whom disclosure is reasonably necessary for this litigation and who have signed the

12  "Agreement to Be Bound by Protective Order" (Exhibit A);

13          (d)     the Court and its personnel;

14          (e)     court reporters and their staffs;

15          (f)     professional vendors to whom disclosure is reasonably

16  necessary for this litigation and who have signed the "Agreement to Be Bound by

17  Protective Order" (Exhibit A);

18          (g)     during their depositions, and during preparation for deposition

19  or trial testimony, witnesses in the action to whom disclosure is reasonably

20  necessary and who have signed the "Agreement to Be Bound by Protective Order"

21  (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions

22  that reveal Protected Material must be separately bound by the court reporter and

23  may not be disclosed to anyone except as permitted under this Stipulated Protective

24  Order.

25          (h)     the author of the document or the original source of the

26  information.

27      7.3     Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES

28  ONLY" Information or Items. Unless otherwise ordered by the Court or permitted

1    in writing by the Designating Party, a Receiving Party may disclose any

2    information or item designated "HIGHLY CONFIDENTIAL - ATTORNEYS'

3    EYES ONLY" only to:

4         (a)   the Receiving Party's Outside Counsel of record in this action,

5    as well as employees of said Counsel to whom it is reasonably necessary to disclose

6    the information for this litigation;

7         (b)   Experts (as defined in this Order) (1) to whom disclosure is

8    reasonably necessary for this litigation, and (2) who have signed the "Agreement to

9    Be Bound by Protective Order" (Exhibit A);

10        (c)   the Court and its personnel;

11        (d)   court reporters and their staffs;

12        (e)   professional vendors to whom disclosure is reasonably

13   necessary for this litigation and who have signed the "Agreement to Be Bound by

14   Protective Order" (Exhibit A); and

15        (f)   the author of the document or the original source of the

16   information.

17   8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED

18   IN OTHER LITIGATION

19        If a Receiving Party is served with a subpoena or an order issued in other

20   litigation that would compel disclosure of any information or items designated in

21   this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -

22   ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating

23   Party in writing (by fax, if possible) immediately, and in no event more than three

24   court days after receiving the subpoena or order.  Such notification must include a

25   copy of the subpoena or court order.

26        The Receiving Party also must immediately inform in writing the Party who

27   caused the subpoena or order to issue in the other litigation that some or all the

28   material covered by the subpoena or order is the subject of this Order.  In addition,

1  the Receiving Party must deliver a copy of this Order promptly to the Party in the
2  other action that caused the subpoena or order to issue.

3          The purpose of imposing these duties is to alert the interested parties to the
4  existence of this Order and to afford the Designating Party in this case an
5  opportunity to try to protect its confidentiality interests in the court from which the
6  subpoena or order issued.  The Designating Party shall bear the burdens and the
7  expenses of seeking protection in that court of its confidential material, and nothing
8  in these provisions should be construed as authorizing or encouraging a Receiving
9  Party in this action to disobey a lawful directive from another court.

10  9.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

11          If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed
12  Protected Material to any person or in any circumstance not authorized under this
13  Stipulated Protective Order, the Receiving Party must immediately (a) notify in
14  writing the Designating Party of the unauthorized disclosures, (b) use its best
15  efforts to retrieve all copies of the Protected Material, (c) inform the person or
16  persons to whom unauthorized disclosures were made of all the terms of this Order,
17  and (d) request such person or persons to execute the "Acknowledgment and
18  Agreement to Be Bound" that is attached hereto as Exhibit A.

19  10.     FILING PROTECTED MATERIAL

20          Without written permission from the Designating Party or a court order
21  secured after appropriate notice to all interested persons, a Party may not file in the
22  public record in this action any Protected Material.  A Party that seeks to file under
23  seal any Protected Material must comply with Civil Local Rule 79-5.  If the non-
24  Designating Party intends to file any Protected Material with the Court, it will
25  provide sufficient advance notice of the intended filing to the Designating Party so
26  that the Designating Party can file a motion to file that Protected Material under
27  seal.

28

ORDER APPROVING STIPULATED
PROTECTIVE ORDER                           11
la-1095100

11.   FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4, above.

12.   MISCELLANEOUS

12.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   Right to Assert Other Objections.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on

1  any ground to use in evidence of any of the material covered by this Protective

2  Order.

3        SO ORDERED.

4  Dated:   October 29, 2010

5

6                                /S/ FREDERICK F. MUMM
                              Honorable Frederick F. Mumm

7                                United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____, of

_____ _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ in the case of *Isaias Hernandez v. CBC Restaurant Corp.* (Case No. CV10-1056 GHK (FFMx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ of

_____ as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature _____